# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: September 20, 2017

```
* * * * * * * * * * * * * * *
MICHAEL PAVAN, next friend of    *
J.P., a minor,                   *          UNPUBLISHED
                                 *
           Petitioner,           *          No. 14-60V
                                 *
v.                               *          Special Master Gowen
                                 *
SECRETARY OF HEALTH              *          Interim Attorneys' Fees and Costs;
AND HUMAN SERVICES,              *          Special Master's Discretion.
                                 *
           Respondent.           *
* * * * * * * * * * * * * * *
```

Scott Rooney, Nemes Rooney P.C., Farmington Hills, MI, for petitioner.
Glenn MacLeod, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 24, 2014, Michael Pavan, as father and next friend of his minor child J.P. ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of a varicella vaccine received on January 24, 2011, J.P. developed optic neuritis and acquired demyelinating neuropathy consistent with chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petition (ECF No. 1). On September 9, 2014, petitioner alleged that in the alternative, the varicella vaccine significantly aggravated a pre-existing condition, possibly demyelinating in nature. Amended Petition (ECF No. 26). An entitlement hearing is currently scheduled for June 2018.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On August 24, 2017, petitioner filed an application for interim attorneys' fees and costs without any supporting documentation.  (ECF No. 88).  On September 5, 2017, petitioner filed a "supplemental" application for interim attorneys' fees and costs, which is actually the same application but with the supporting documentation properly attached.  (ECF No. 89).  The application provides that "at the present time, petitioner's counsel is only seeking fees payable through January 1, 2017."  *Id.* at 2.  Thus, petitioner's counsel is requesting $26,955.00 in interim attorneys' fees and $5,639.79 in interim attorneys' costs, for a total interim request of $32,594.79.  *Id.* at 5-19, 21-25.[3]

On September 6, 2017, respondent filed a response to petitioner's motion.  (ECF No. 90).  Respondent "does not concede but defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award, as set forth in *Avera v. Secretary of Health and Human Services*, 515 F.3d 1345 (Fed. Cir. 2008) and the statutory requirements for an award of attorneys' fees and costs."  Respondent's Response at 2 (internal citations omitted).  "Should the Special Masters conclude that an award of interim attorneys' fees and costs is appropriate, respondent respectfully recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.  Petitioner did not file a reply.  This matter is now ripe for review.

## I.   Interim Attorneys' Fees and Costs

Section 300aa-15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs.  In addition, the Vaccine Act permits interim attorneys' fees and costs.  *Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010).  When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim."  § 300aa-15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013).  In this case, respondent "defers to the Special Master to decide whether the statutory requirements for an award of attorneys' fees and costs are met," but does not make any objections on those points.  Respondent's Response at 2.  I find that this claim was brought in good faith and on a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "*the claimant* establishes that the cost of litigation has imposed an undue hardship."  609 F.3d at 1375 (emphasis added).  In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  515 F.3d at 1352.

---

[3] Although the application requests fees payable through January 1, 2017, the application provides billing entries and financial totals for fees and costs continuing until August 2017.  My chambers reviewed the billing entries and determined the requested attorneys' fees and costs payable only through January 1, 2017.

I do not routinely grant interim fee applications.  I generally defer ruling on an interim fee application if: the case has been pending for less than 18 months (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000.  If any one of these conditions exists, I generally defer ruling until the condition is resolved or until an entitlement hearing has occurred.  But ultimately, there are many factors bearing on the merit of an interim fee application and I evaluate each one on its own merits.[4]

The present case has been pending for more than 18 months.  The requested fees payable through January 1, 2017, are not particularly large and barely exceed the minimum amount that I will generally consider.  However, the case has involved some unusual issues relating to the onset, testing, and treatment of J.P.'s condition.  Additionally, the case likely will not be resolved for some time.  Due to the high volume of claims in the Vaccine Program, the entitlement hearing in this case is set for June 2018.  There will likely be several months between the hearing and the issuance of an entitlement decision.  If petitioner establishes entitlement to compensation, the case will need to progress to the damages phase, which may also take significant time.  Because of the unique issues presented by this case and the likely delay before the case can be resolved, I will award interim attorneys' fees in this instance.  However, as stated above, counsel should not expect that interim fees will be granted routinely.

## II.   Reasonable Attorneys' Fees and Costs

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine what attorneys' fees and costs are "reasonable" under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours

[4] In the alternative scenario in which counsel seeks interim fees and my permission to withdraw from a case, the above criteria will not apply and I will resolve the interim application as quickly as circumstances permit.

claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521 (citing *Farrar v. Sec'y of Health & Human Servs.*, 1992 WL 336502 at *2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)). The requirement that attorneys' fees be reasonable also applies to costs.  *Perreira*, 27 Fed. Cl. at 34 ("Not only must any request for attorneys' fees be reasonable, so must any request for reimbursement of costs").

I have reviewed the application for interim attorneys' fees and costs and the supporting documentation.  In my experience, the request generally seems reasonable.  I find no cause to adjust petitioner's counsel's hourly rates, time expended, or costs.  Thus, they will be awarded in full.

## III.    Conclusion

Accordingly, I award the following:

1)  **A lump sum in the amount of $32,594.79, representing reimbursement for <u>interim</u> attorneys' fees and costs, in the form of a check payable jointly to petitioner and his counsel, Scott Rooney of Nemes Rooney P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment forthwith.[5]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing their right to seek review.