# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: August 17, 2018

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| MICHAEL PAVAN, *as next friend of* | * | UNPUBLISHED |
| *J.P., a minor*, | * | |
| | * | No. 14-60V |
| Petitioner, | * | |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | * | Interim; Special Master's |
| AND HUMAN SERVICES, | * | Discretion. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

<u>Scott William Rooney</u>, Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
<u>Glenn Alexander MacLeod</u>, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On January 24, 2014, Michael Pavan ("petitioner"), as next friend of J.P., a minor, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program,[2] and he filed an amended petition pursuant to the same on September 9, 2014. Petition (ECF No. 1); Amended Petition ("Am. Petition") (ECF No. 26). Petitioner alleged that J.P. suffered optic neuritis and an acquired demyelinating neuropathy consistent with CIDP as a result of polio and varicella vaccinations he received on or about January 28, 2011. Am. Petition at ¶¶ 4, 5, 8. On June 21 and 22, 2018, I held an entitlement hearing in this matter in Washington, D.C.

On September 20, 2017, I awarded petitioner $32,594.79 in interim attorneys' fees and costs. Decision of Special Master – Interim Attorney's Fees and Costs (ECF No. 91). On July 6, 2018, petitioner filed a second motion for interim attorneys' fees and costs. Petition for Interim

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

Costs ("Pet. Motion") (ECF No. 134). Petitioner requested reimbursement for costs in the amount of $25,253.80. Pet. Motion at ¶ 15. Petitioner does not seek reimbursement for attorneys' fees at this time. *Id*. at ¶ 8.

On March 1, 2018, respondent filed a response to petitioner's motion. Respondent's Response to Petitioner's Motion for interim Attorneys' Fees and Costs (ECF No. 142). Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent "defers to the Special Master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth in *Avera v. HHS*, 515 F.3d 1343 (Fed. Cir. 2008)." *Id.* at 2. Respondent further "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for interim attorneys' fees and costs." *Id.* at 3.

Petitioner has not filed a reply. This matter is now ripe for adjudication.

The special master may, in the exercise of his or her discretion, grant an interim award of reasonable attorneys' fees and costs if the special master finds that the petitioner brought the claim in good faith and with a reasonable basis. § 300aa-15(e)(1); *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008); *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). Special masters have "wide discretion in determining the reasonableness" of attorneys' fees and costs, and may increase or reduce the initial fee award calculation based on specific findings. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994); *see Avera*, 515 F.3d at 1348.

In *Avera,* the Federal Circuit stated, "Interim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. In *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375.

The present case has been pending before the Program since 2014. Petitioner has since submitted multiple expert reports in support of his claim and had two experts testify at the two-day entitlement hearing. Pet. Motion at ¶¶ 2,8. The costs of retaining and paying the experts has imposed an undue financial burden on petitioner. *Id.* at ¶ 3. I find that petitioner's claim was brought in good faith and there exists a reasonable basis for this claim. Petitioner is therefore entitled to a reasonable award of interim costs.

The most substantial costs for which petitioner is seeking reimbursement are the expert costs in the amount of $22,309.86. Pet. Motion at ¶¶ 9-10. Petitioner also requested reimbursement for hearing-related costs, including hotels, transportation, and dining for his counsel and experts in the amount of $2,943.94. *Id.* at ¶¶ 11-14.

I have reviewed the invoices submitted with petitioner's motion. The expenses incurred are well-documented and based on my experience they appear reasonable. I find no cause for adjustment, thus, the requested attorneys' costs are awarded in full.

In accordance with the foregoing, petitioner's motion for attorneys' fees and costs is **GRANTED**.

Accordingly, I award the following:

1) **A lump sum in the amount of $25,253.80, representing reimbursement for petitioner's interim attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Scott Rooney, of Nemes Rooney P.C.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.