# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: May 28, 2019

```
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
MICHAEL PAVAN, as next friend of      *          UNPUBLISHED
J.P., a minor,                        *
                                      *          No. 14-60V
            Petitioner,               *
                                      *          Special Master Gowen
v.                                    *
                                      *          Attorneys' Fees and Costs;
SECRETARY OF HEALTH                   *          Interim; Special Master's
AND HUMAN SERVICES,                   *          Discretion.
                                      *
            Respondent.               *
*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *
```

Scott William Rooney, Nemes, Rooney P.C., Farmington Hills, MI, for petitioner.
Glenn Alexander MacLeod, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On February 19, 2019, petitioner Michael Pavan ("petitioner"), as next friend of J.P., a minor filed a motion (or "application") for interim attorneys' fees and costs. Petitioners' Interim Fee Application ("Pet. Int. App.") (ECF No. 160). For the reasons discussed below, the undersigned hereby **GRANTS** petitioner's motion and awards $53,323.50.00 in reasonable interim attorneys' fees and $3,885.11 in interim petitioner's costs.

## I.      Procedural History

On January 24, 2014, Michael Pavan ("petitioner"), as next friend of J.P., a minor, filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program,[2] and

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this decision contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The court's website can be accessed at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." Id. **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** Id.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

he filed an amended petition pursuant to the same on September 9, 2014.  Petition (ECF No. 1); Amended Petition ("Am. Petition") (ECF No. 26).  Petitioner alleged that J.P. suffered optic neuritis and an acquired demyelinating neuropathy consistent with CIDP as a result of polio and varicella vaccinations he received on or about January 28, 2011.  Am. Petition at ¶¶ 4, 5, 8.  On June 21 and 22, 2018, I held an entitlement hearing in this matter in Washington, D.C.

On September 20, 2017, I awarded petitioner $32,594.79 in interim attorneys' fees and costs.  Decision of Special Master – Interim Attorney's Fees and Costs (ECF No. 91).  On July 5, 2018, petitioner filed a second motion for interim attorneys' fees and costs.  Petition for Interim Costs ("Pet. Motion for Costs) (ECF No. 134).  Petitioner requested reimbursement for costs mostly related to expert reports and testimony for the entitlement hearing in the amount of $25,253.80.  Pet. Motion for Costs at ¶ 15.  On September 11, 2018, I awarded petitioner $25,253.80 in attorneys' costs.  Decision of Special Master-Interim Attorneys' Fees and Costs (ECF No. 145).  On February 19, 2019, petitioner filed a third motion for interim attorneys' fees and costs.  Pet. Int. App. (ECF No. 160).

On March 1, 2019, respondent filed a response to petitioner's motion. Respondent's Response to Petitioner's Motion for Interim Attorneys' Fees and Costs ("Resp. Response") (ECF No. 161).  Respondent stated that special masters have an independent duty to assess a fee application for reasonableness regardless of whether respondent has raised any objection. Resp. Response at 2.  Respondent deferred to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award as set forth in *Avera v. Sec'y of Health & Human Servs.,* 515 F.3d 1343 (Fed. Circ. 2008).  *Id.*  Respondent further "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for interim attorneys' fees and costs." *Id.* at 3.

On May 8, 2019, the undersigned issued an order requesting petitioner submit up-to-date billing records that do not contain duplicate dates for which counsel had previously been compensated.  *See* Scheduling Order (ECF No. 162).  On May 10, 2019, petitioner filed a supplemental exhibit to the interim fees application. Pet. Ex. 87 (ECF No. 165).  Additionally, petitioner filed updated invoices from Drs. Axelrod and Margulies.  Notice of Filing (ECF No. 166).

This matter is now ripe for adjudication.

## II.     Entitlement to Attorneys' Fees and Costs

### A.  General Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  §15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought."  § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d

1358, 1362 (Fed. Cir. 2012). In light of the lack of specific objections from respondent and my full review of the evidence, I find that this claim was filed with and has maintained good faith and reasonable basis to date.

### B. Interim Awards

Section 15(e) of the Vaccine Act permits an award of reasonable attorneys' fees and costs. In addition, the Vaccine Act permits interim attorneys' fees and costs. *See Avera*, 515 F.3d at 1352; *Shaw v. Sec'y of Health & Human Servs.*, 609 F.3d 1372 (Fed. Cir. 2010). When a petitioner has yet to prove entitlement, the special master may grant an interim award of reasonable attorneys' fees and costs if the special master "determines that the petition was brought in good faith and there was a reasonable basis for the claim." § 15(e)(1)(B); *Sebelius v. Cloer*, 133 S. Ct. 1886, 1893 (2013). I find that this claim was brought in good faith and with a reasonable basis.

In *Shaw,* the Federal Circuit held that it was proper to grant an interim award when "the claimant establishes that the cost of litigation has imposed an undue hardship." 609 F.3d at 1375. In *Avera,* the Federal Circuit stated that "[i]nterim fees are particularly appropriate in cases where proceedings are protracted and costly experts must be retained." 515 F.3d at 1352. I do not routinely grant interim fee applications. I generally defer ruling on an interim fee application if: the case has been pending for less than 1.5 years (measured from the date of filing); the amount of fees requested is less than $30,000; and/ or the aggregate amount of expert costs is less than $15,000. If any one of these conditions exists, I generally defer ruling until these thresholds are met or until an entitlement hearing has occurred. These are, however, only informal requirements, and there are ultimately many factors bearing on the merit of an interim fee application. I evaluate each one on its own merits.

I find an award of attorneys' fees and costs to be appropriate at this time. The claim has been pending in the Vaccine Program for nearly five years. Counsel previously sought both interim attorneys' fees and costs separately. As stated above, the undersigned granted petitioner's counsel request for costs associated with retaining medical experts and to have the experts participate in the entitlement hearing. *See* Decision of Special Master-Interim Attorneys' Fees and Costs (ECF No. 145).

Now, counsel is seeking attorneys' fees and costs since the last award of attorneys' fees and costs on September 20, 2017. Decision of Special Master – Interim Attorney's Fees and Costs (ECF No. 91). The fees being requested are mostly related to pre-hearing preparation, appearance at a two-day entitlement hearing in Washington, D.C. and post-hearing briefs. Counsel has provided supporting documentation of both fees and costs that are well over the threshold amounts I require for an interim award. Additionally, petitioner also explains that retention of the experts, as well as the protracted nature of this case are causing undue financial hardship. Pet. Int. App. ¶ 7. For these reasons, I find it appropriate to award interim attorneys' fees and costs at this time.

### III.   Reasonable Attorneys' Fees and Costs

#### A.  Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993 (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

#### B.  Hourly Rates

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. (No it doesn't) *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, 2018, and 2019 can be accessed online.[3]

Petitioners' interim application includes billing records dating from September 5, 2017 to February 15, 2019. These records reflect that the work to date was divided between the attorney,

---

[3] United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.cofc.uscourts.gov/node/2914 (last accessed on April 23, 2019).

Scott W. Rooney and a paralegal.[4]  Pet. Ex. 71 at 1-10.  Mr. Rooney is billing at a rate of $300.00 per hour in 2017 and $350.00 per hour for a rate in 2018 and 2019.  The rates requested are generally consistent with *McCulloch,* the fee schedules adjusting those rates for inflation, and past decisions by myself and other special masters.  *See Pavan v. Sec'y of Health & Human Servs.,* No. 14-60V, 2017 WL 4586119 (Fed. Cl. Spec. Mstr. Sept. 20, 2017); *N.W. v. Sec'y of Health & Human Servs.,* No. 07-93V, 2019 WL 1953319 (Fed. Cl. Spec. Mstr. Mar. 18, 2019) (finding a rate of $350.00 per hour for work performed in 2018; & *Parlette v. Sec'y of Health & Human Servs.,* No. 17-1227V, 2018 WL 7201927 (Fed. Cl. Spec. Mstr. Dec. 27, 2018).  Based on my experience and knowledge of the work performed in this case, I find no cause to adjust the requested rates.

### C.  Hours Expended

As previously noted, a line-by-line evaluation of the fee application is not required and will not be performed.  *Wasson*, 24 Cl. Ct. at 484.  Rather, I may rely on my experience to evaluate the reasonableness of hours expended.  *Id.*  Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications."  *Saxton*, 3 F.3d at 1521.

In this case, petitioners have also provided one chronological list of the entries which is helpful while evaluating whether the total hours expended are reasonable.  Pet. Ex. 71.  The billing record provides the date, detailed description(s) of the task(s) performed, the requested rate, and time expended.  Based on my experience and my familiarity with the work performed in this case, the attorneys' fees requested are generally reasonable.

However, it appears that counsel charged the full hourly rate for travel to the hearing on June 19, 2018.  *See* Pet. Ex. 71 at 5.  In the Vaccine Program, special masters have consistently compensated travel time at one-half of an attorney's usual rate absent evidence that casework was being performed while traveling. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. Jun. 5, 2014) and *Cagle v. Sec'y of Health & Human Servs.,* No. 16-693V, 2019 WL 1894419 (Fed. Cl. Spec. Mstr. Mar. 38, 2019).  In this case, counsel billed $1,575.00 total for "preparation and travel to and for trial," and billed 4.50 hours at the hourly rate of $350.00 per hour.  *Id.*  Additionally, counsel billed $2,800.00 on June 22, 2018 for "court appearance; preparation; travel," again at the full rate of $350.00 per hour for 8 hours.  *Id.*  As the hearing lasted nearly eight hours on June 22 and undoubtedly involved some preparation on that date, I conclude the use of the word "travel" for that entry was likely in error.

In accordance with the above discussion, the entire entry for June 19, 2018 will be reduced by 50% because counsel did not delineate which portion of 4.50 hours billed was spent traveling and what spent on "preparation," resulting in a reduction of $787.50.

### D.  Costs

---

[4] The billing log includes work performed by an assistant or paralegal at $60.00 per hour in 2018 and 2019.

Like attorneys' fees, costs incurred - by counsel or petitioners themselves - must be reasonable to be reimbursed by the Program. *Perreira*, 27 Fed. Cl. 29, 34. Petitioners' counsel requests $4,157.09 for interim costs including, *inter alia*, the costs associated with medical records; shipping and postage; post-hearing costs for the experts; medical literature cited by the experts; the hearing transcript; and travel for the entitlement hearing. Pet. Ex. 71 at 10-11.

The most significant costs are for the hearing transcripts and additional costs associated with the experts. Petitioner requested an additional $1,120.00 for Dr. Axelrod associated with invoice No. 177. Pet. Ex. 71. The invoice describes work performed by Dr. Axelrod prior to the hearing but was not previously included in either of the fees and costs requests. Dr. Margulies charged an additional $700.00 for work performed from July 3, 2018 to the present. Dr. Margulies' hourly rate is $350 per hour, which the undersigned has previously determined to be an acceptable rate.

Counsel also requested $271.98 for "additional hotel expenses for the June trial in Washington, D.C." Pet. Ex. 71 at 11. Counsel did not submit any receipt for this entry. Additionally, as discussed above, the undersigned awarded interim costs on September 11, 2018 and counsel submitted an invoice for the Willard InterContinental in Washington D.C. for the hearing dates for $1,726.49. *See* Pet. Mot. For Interim Costs, Ex. 7 (ECF No. 134). **Therefore, the entry for the additional hotel expense for the June trial will be denied and the total costs will be reduced by $271.98.**

## IV.    Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fee and costs is **GRANTED.** I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $55, 111.00 |
| (Reduction of Fees) | -($787.50) |
| **Total Attorneys' Fees Awarded** | **$54,323.50** |
| | |
| Attorneys' Costs Requested | $4,157.09 |
| (Reduction of Costs) | -($271.98) |
| **Total Attorneys' Costs Awarded** | $3,885.11 |
| | |
| **Total Amount Awarded** | $58,208.61 |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $58,208.61, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner's attorney, Mr. Scott W. Rooney.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the

court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[5] Entry of judgment can be expedited by each party's filing a notice renouncing the right to seek review. Vaccine Rule 11(a).