# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 9, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| MICHAEL PAVAN, next friend of | * | |
| J.P., a minor, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 14-60V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Final Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Reduction of costs. |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * | | |

*Scott Rooney*, Nemes Rooney P.C., Farmington Hills, MI, for petitioner.
*Kyle E. Pozza*, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On October 28, 2020, Michael Pavan, next friend of J.P., a minor ("petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 181). For the reasons discussed below, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs and awards a total of $7,784.50 in attorney's fees and costs.

### I.   Procedural History

On January 24, 2014, Michael Pavan, as father and next friend of his minor child J.P. ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of a varicella vaccine received on

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

January 24, 2011, J.P. developed optic neuritis and acquired demyelinating neuropathy consistent with chronic inflammatory demyelinating polyneuropathy ("CIDP").  Petition (ECF No. 1).  On September 9, 2014, petitioner alleged that in the alternative, the varicella vaccine significantly aggravated a pre-existing condition, possibly demyelinating in nature.  Amended Petition (ECF No. 26).  An entitlement hearing was held in Washington, D.C. on June 21-22, 2018.

On July 28, 2020, I issued an entitlement decision, dismissing the petition and judgment entered on August 28, 2020.  *See Pavan v. Secretary of Health & Human Servs.,* No. 14-60, 2020 WL 5351332 (Fed. Cl. Spec. Mstr. July 28, 2020).  On October 12, 2020, petitioner filed a final motion for attorney's fees and costs, requesting a total of $4,784.50 in attorneys' fees, $1,105.00 in costs, $4,820.00 in expert fees and $3,546.91 for costs incurred by petitioner.  Fees App. at 1-2.

On December 3, 2020, respondent filed a response to petitioner's motion.  Respondent's Response ("Resp.") Response (ECF No. 182).  Respondent stated, "Neither the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs.  Resp. Response at 1.  Respondent continued, stating, "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Respondent's Response ("Resp." Response) (ECF No. 182).  Respondent concluded his sparse response stating, "…respondent respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner did not file a reply.  This matter is ripe for adjudication.

## II.     Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation.  § 15(e)(1)(A)-(B).  Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1).  The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims."  *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012).

"Good faith" and "reasonable basis" are two distinct requirements.  *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017) (citing *Chuisano v. Sec'y of Health & Human Servs.*, 116 Fed. Cl. 276, 289 (2014)).  "Good faith" is a subjective test, satisfied through subjective evidence.  *Cottingham v. Sec'y of Health & Human Servs.,* 971 F.3d 1337 (2020).

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993).  Adequate proof of the claimed fees and costs should be presented when the motion is filed.  *Id.* at 484 n.1.  The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent.  *Sabella v. Sec'y of Health &*

2

*Human Servs.*, 86 Fed. Cl. 201, 208-09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008). Special masters may look to their experience and judgment to reduce the number of hours billed to a level they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson*, 24 Cl. Ct., *aff'd in relevant part*, 988 F.2d 131 (Fed Cir. 1993) (per curiam).

### III.  Analysis

I find no reason to doubt the good faith and reasonable basis for which the claim was brought. Additionally, I have granted interim fees in this case three times prior to this application for final fees. *See* Decisions of Special Master-Interim Attorneys' Fees and Costs (ECF Nos. 91, 145 and 170). Accordingly, I find that petitioner is entitled to reasonable attorneys' fees and costs.

### A. Hourly Rate

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Avera,* 515 F. 3d at 1348. In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriquez v. Sec'y of Health & Human Servs.,* 632 F.3dd 1381, 1384 (Fed. Cir. 2011) (citing *Avera,* 515 F. 3d at 1349). Petitioner requests that his attorney, Mr. Scott Rooney, be compensated at a rate of $350.00 per hour for work performed in 2019 and $380.00 per hour for work performed in 2020 and a paralegal be compensated at an hourly rate of $65.00 for the same time period. The rates requested are generally consistent with *McCulloch,* the fee schedules adjusting those rates for inflation, and past decisions by myself and other special masters. As such, I find these rates reasonable and find no reason to adjust the requested rates.

### B. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra-office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).

In this case, petitioner has provided a chronological list of the entries of work performed, which is helpful to evaluate whether the total hours expended are reasonable. Fees App. Exhibit ("Ex.") 1. The billing record provides the date, detailed descriptions of the tasks performed, the time expended and the requested amount. Based on my experience and my familiarity with the

work performed, the attorneys' fees requested are generally reasonable. **Therefore, petitioner's attorney will be granted the requested amount of $4,784.50 in attorney's fees.**

### C. Attorneys' Costs

A request for reimbursement of costs, similar to fees, must be reasonable. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). In this case, petitioner's counsel request $1,105.00 in attorneys' costs and $4,820.00 in expert fees. Fee App. at 2-3. It appears that some of these costs petitioner's attorney is requesting has already been reimbursed by the VICP in prior interim attorneys' fees decisions. For example, petitioner's counsel requests $700.00 for an invoice of Dr. Sheldon Marguiles from March 21, 2019 and $1,120.00 for an invoice from Dr. David Axelrod from April 15, 2018. Fees App. Ex. 5 at 2-3. These same invoices were filed on May 14, 2019 by petitioner's counsel and the invoices paid in the interim fees decision issued on May 28, 2019. *See Pavan v. Sec'y of Health & Human Servs.,* 2019 WL 2588351 (Fed. Cl. Spec. Mstr. May 28, 2019); *see also* Pet. Ex. 72 (ECF No. 166). As such, petitioner's counsel will not be reimbursed for these invoices. Additionally, petitioner's counsel will not be reimbursed for the request of $1,105.00 in trial transcript costs, as this was also previously paid in the prior interim fees decision. *Pavan v. Sec'y of Health & Human Servs.,* 2019 WL 2588351, at *4.

Finally, petitioner's counsel includes an invoice from Dr. Lawrence Steinman for $3,000.00 dated June 17, 2016. Fees App. at Ex. 5. As this is the first invoice submitted by petitioner's counsel for Dr. Steinman's review of petitioner's case, I will grant reimbursement for this cost.

**In accordance with the above, petitioner's counsel's request for costs is reduced by $2,925.00.** Petitioner's counsel is awarded $3,000.00 in attorneys' costs associated.

### D. Petitioner's Costs

Petitioner is requesting a total of $3,546.91 for costs incurred by the litigation of this case. These costs include fees associated with obtaining medical records and travel to the entitlement hearing in June 2018. Petitioner has submitted adequate proof of costs and will be reimbursed in full.

### IV. Conclusion

In accordance with the foregoing, petitioner's application for final attorneys' fees and costs is **GRANTED.** I award the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $4,784.50 |
| *Reductions:* | None |
| **Attorneys' Fees Awarded:** | **$4,784.50** |
| Attorneys' Costs Requested: | $5,925.00 |

| | |
|---|---|
| *Reductions for Prior Payment:* | -$2,925.00 |
| **Attorneys' Costs Awarded:** | $3,000.00 |
| **Attorneys' Fees and Costs Awarded:** | **$7,784.50** |

Accordingly, I award the following:

1) **A lump sum in the amount of $7,784.50, representing reimbursement for attorneys' fees and costs in the form of a check payable jointly to petitioner's counsel Mr. Scott Rooney of Nemes, Rooney P.C.[3] and $3,546.91 made payable to Mr. Michael Pavan c/o Mr. Scott Rooney.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against at client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review. Vaccine Rule 11(a).